# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LORENE LAMB, Derivatively on Behalf of Nominal Defendant BIG LOTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY PAUL BERGER, ROBERT CRAIG CLAXON, JOE R. COOPER, STEVEN S. FISHMAN, CHARLES W. HAUBIEL II, TIMOTHY A. JOHNSON, DAVID T. KOLLAT, BRENDA J. LAUDERBACK, PHILLIP E. MALLOT, JOHN CHARLES MARTIN, NORMAN J. RANKIN, PAUL ALAN SCHROEDER, ROBERT SAMUEL SEGAL, STEVEN RAY SMART, RUSSELL SOLT, and DENNIS B. TISHKOFF, <br><br> Defendants, <br><br> and <br><br> BIG LOTS, INC., <br><br> Nominal Defendant. | Case No.: 2:12-cv-00445-MHW-NMK |

*To be consolidated with:*

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, Derivatively on Behalf of Nominal Defendant BIG LOTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY PAUL BERGER, ROBERT CRAIG CLAXON, JOE R. COOPER, STEVEN S. FISHMAN, CHARLES W. HAUBIEL II, | Case No. 2:12-cv-00447-MHW-NMK |

TIMOTHY A. JOHNSON, DAVID T. KOLLAT, BRENDA J. LAUDERBACK, PHILLIP E. MALLOT, JOHN CHARLES MARTIN, NORMAN J. RANKIN, PAUL ALAN SCHROEDER, ROBERT SAMUEL SEGAL, STEVEN RAY SMART, RUSSELL SOLT, and DENNIS B. TISHKOFF,

      Defendants,

and

BIG LOTS, INC.,

      Nominal Defendant.

**STIPULATION AND [PROPOSED] ORDER GOVERNING (i) SERVICE OF PROCESS, (ii) CONSOLIDATION OF RELATED ACTIONS, (iii) SETTING A SCHEDULE, AND (iii) APPOINTMENT OF LEAD PLAINTIFFS AND LEAD AND LIAISON COUNSEL**

  Plaintiffs Lorene Lamb ("Lamb") and Louisiana Municipal Police Employees' Retirement System ("LAMPERS" and with Lamb, "Plaintiffs"), individual defendants Jeffrey Paul Berger, Robert Craig Claxon, Joe R. Cooper, Steven S. Fishman, Charles W. Haubiel II, Timothy A. Johnson, David T. Kollat, Brenda J. Lauderback, Phillip E. Mallot, John Charles Martin, Norman J. Rankin, Paul Alan Schroeder, Robert Samuel Segal, Steven Ray Smart, Russell Solt, and Dennis B. Tishkoff (collectively, the "Individual Defendants") and nominal defendant Big Lots, Inc. ("Nominal Defendant", "Big Lots" or the "Company," and together with Plaintiffs and the Individual Defendants, the "Parties"), by and through their undersigned counsel, submit this Stipulation and Proposed Order in the above-captioned actions (the "Related Actions").

  WHEREAS, on May 21, 2012, plaintiff Lamb filed a shareholder derivative action in this Court, *Lamb v. Berger, et al.*, Case No.: 2:12-cv-00445-MHW-NMK (the "*Lamb* Action"), on behalf of Big Lots against the Individual Defendants and the Nominal Defendant;

WHEREAS, on May 22, 2012, plaintiff LAMPERS filed a shareholder derivative action in this Court, *Louisiana Municipal Police Employees' Retirement System v. Berger, et al.*, Case No. 2:12-cv-00447-MHW-TPK (the "*LAMPERS* Action"), on behalf of Big Lots against the Individual Defendants and the Nominal Defendant;

WHEREAS, on June 5, 2012, the Court entered in the *LAMPERS* Action a Related Case Memorandum acknowledging the relation of the Related Actions and that the Related Actions should be transferred to the docket of United States District Court Judge Michael H. Watson;

WHEREAS, Plaintiffs in the Related Actions have asserted similar claims, arising out of the same nucleus of operative facts against the same defendants, and the Parties recognize and believe that the cases should be consolidated in the interest of judicial economy;

WHEREAS, counsel for the Parties have met and conferred and have agreed that it would be most efficient for the Court and the Parties if the Related Actions are consolidated for all purposes and proceedings before this Court; and

WHEREAS, counsel for the Parties agree that for the efficient prosecution of such consolidated action, lead plaintiffs and lead and liaison counsel should be appointed, although the defendants take no position as to the selection of lead plaintiffs and lead and liaison counsel;

NOW, THEREFORE, IT IS STIPULATED AND AGREED by the Parties though their respective counsel of record, subject to approval of the Court, as follows:

### Service

1. Counsel for Plaintiffs have served Michael Paskin of Cravath, Swaine & Moore LLP, counsel for the Individual Defendants and Nominal Defendant (collectively, the "Defendants"), with file-stamped copies of the complaint in each of the Related Actions. Service is deemed made on all Defendants effective June 11, 2012. By entering into this stipulation,

Defendants do not intend to waive nor do they waive any defenses except with respect to insufficiency of process and insufficiency of service of process.  All other defenses are reserved.

2. Service of process is accepted and acknowledged by Michael Paskin as attorney for and on behalf of all of the Defendants.

**Consolidation**

3. Pursuant to Rule 42 of the Federal Rules of Civil Procedure, the Related Actions and any other shareholder derivative action on behalf of Big Lots, Inc., filed in or transferred to this Court that involves questions of law or facts similar to those contained in the above-captioned actions are consolidated (the "Consolidated Action") for all purposes under the following caption:

| IN RE BIG LOTS, INC. SHAREHOLDER LITIGATION | Case No. 2:12-cv-00445-MHW-NMK |
|---|---|

4. The Verified Shareholder Derivative Complaint filed on May 21, 2012 in the *Lamb* Action, Case No. 2:12-cv-00445-MHW-NMK, is designated as the operative complaint in the Consolidated Action.  Defendants need not respond to any other complaint in the Related Actions.

5. Each and every action filed in, or transferred to, this Court that involves alleged questions of law or fact similar to those contained in the Consolidated Action shall constitute a case related to the Consolidated Action, be governed by the terms of this Order, and be consolidated for all purposes with the Consolidated Action.  Lead Counsel (as defined below) shall provide a copy of this Order to counsel in any future action filed in this Court that is related to the Related Actions.

6. All papers previously filed and served to date in any of the cases consolidated herein are deemed to be and are hereby adopted as part of the record in the Consolidated Action.

### Schedule

7. Defendants shall move or plead in response to the operative complaint no later than August 10, 2012.

8. In the event Defendants choose to respond to the operative complaint by moving to dismiss the operative complaint, Co-Lead Plaintiffs (as defined below) shall file any opposition(s) to such motion(s) to dismiss no later than September 24, 2012.

9. Defendants shall file a reply, if any, to Co-Lead Plaintiffs' opposition(s) to such motion(s) to dismiss no later than October 15, 2012.

### Appointment of Co-Lead Plaintiffs, Lead and Liaison Counsel[1]

10. Plaintiffs LAMPERS and Lamb are appointed Co-Lead Plaintiffs in the Consolidated Action.

11. The law firm Kessler Topaz Meltzer & Check, LLP is appointed Lead Counsel in the Consolidated Action.

12. Lead Counsel shall have authority to speak for plaintiffs in matters regarding pretrial and trial procedure and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

13. Lead Counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court.

---

[1] Defendants take no position as to the selection of lead plaintiff and lead and liaison counsel.

No motion, request for discovery or other pretrial proceedings shall be initiated or filed by plaintiffs except through Lead Counsel.

14. Lead Counsel shall also be available and responsible for communications to and from this Court.  Lead Counsel shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

15. The law firm of Isaac, Brant, Ledman & Teetor, LLP ("Isaac Brant") is appointed as Liaison Counsel in the Consolidated Action.  Liaison Counsel shall have authority to receive orders, notices, correspondence, and telephone calls from the Court on behalf of all plaintiffs and shall be responsible for the preparation and transmission of copies of such orders, notices, correspondence, and memoranda of such telephone calls to plaintiffs' counsel.

16. Defendants' counsel may rely upon all agreements made with Lead Counsel or other duly authorized representatives of Co-Lead Plaintiffs and such agreements shall be binding on plaintiffs in each Related Action.

DATED:   June 22, 2012

Respectfully submitted,

**ISAAC, BRANT, LEDMAN & TEETOR, LLP**

 /s/  Mark Landes
Mark Landes (0027227)
Maribeth Deavers (0055903)
250 E. Broad Street
Suite 900
Columbus, OH 43215
Telephone: (614) 221-2121
Facsimile: (614) 365-9516
marklandes@isaacbrant.com
maribethdeavers@isaacbrant.com

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester

          J. Daniel Albert
Stefanie L. Anderson
280 King of Prussia Road
Radnor, PA 19087
Phone: (610) 667-7706
Fax: (610) 667-7056

*Counsel for Plaintiffs*

DATED:   June 22, 2012     **VORYS, SATER, SEYMOUR AND PEASE LLP**


\_\_/s/\_William D. Kloss, Jr.\_\_\_\_, Trial Attorney
William D. Kloss, Jr. (0040854)
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-6400
Fax: (614) 719-4807
wdklossjr@vorys.com

*Counsel for the Individual Defendants and Nominal Defendant Big Lots, Inc.*

**CRAVATH, SWAINE & MOORE LLP**
Michael A. Paskin
Timothy G. Cameron
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
mpaskin@cravath.com
tcameron@cravath.com

*Of Counsel*

\*     \*     \*

## ORDER

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

DATED: _____     _____
                                                               UNITED STATES DISTRICT JUDGE