# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE BIG LOTS, INC. SHAREHOLDER LITIGATION | Case No. 2:12-cv-00445-MHW-NMK |

*To be consolidated with:*

| | |
|---|---|
| CITY OF ATLANTA FIREFIGHTERS' PENSION FUND, Derivatively on Behalf of Nominal Defendant BIG LOTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY PAUL BERGER, ROBERT CRAIG CLAXTON, JOE R. COOPER, STEVEN S. FISHMAN, CHARLES W. HAUBIEL II, TIMOTHY A. JOHNSON, DAVID T. KOLLAT, BRENDA J. LAUDERBACK, PHILLIP E. MALLOT, JOHN CHARLES MARTIN, NORMAN J. RANKIN, PAUL ALAN SCHROEDER, ROBERT SAMUEL SEGAL, STEVEN RAY SMART, RUSSELL SOLT, and DENNIS B. TISHKOFF, <br><br> Defendants, <br><br> and <br><br> BIG LOTS, INC., <br><br> Nominal Defendant. | Case No. 2:12-cv-00590-ALM-NMK |

**AMENDED STIPULATION AND [PROPOSED] ORDER GOVERNING (i) SERVICE OF PROCESS OF ATLANTA FIREFIGHTERS COMPLAINT; (ii) CONSOLIDATION OF RELATED ACTIONS; (iii) SETTING A SCHEDULE; AND (iv) AMENDMENT OF COURT'S PRIOR ORDER APPOINTING LEAD PLAINTIFFS AND LEAD AND LIAISON COUNSEL**

Plaintiffs Lorene Lamb ("Lamb"), Louisiana Municipal Police Employees' Retirement System ("LAMPERS") and City of Atlanta Firefighters' Pension Fund ("Atlanta Firefighters") (collectively, "Plaintiffs"), individual defendants Jeffrey Paul Berger, Robert Craig Claxton, Joe R. Cooper, Steven S. Fishman, Charles W. Haubiel II, Timothy A. Johnson, David T. Kollat, Brenda J. Lauderback, Philip E. Mallot, John Charles Martin, Norman J. Rankin, Paul Alan Schroeder, Robert Samuel Segal, Steven Ray Smart, Russell Solt, and Dennis B. Tishkoff (collectively, the "Individual Defendants") and nominal defendant Big Lots, Inc. ("Nominal Defendant", "Big Lots" or the "Company," and together with Plaintiffs and the Individual Defendants, the "Parties"), by and through their undersigned counsel, submit this Amended Stipulation and Proposed Order in the above-captioned actions (the "Related Actions").

WHEREAS, on May 21, 2012, plaintiff Lamb filed a shareholder derivative action in this Court, *Lamb v. Berger, et al.*, Case No. 2:12-cv-00445-MHW-NMK (the "*Lamb* Action"), on behalf of Big Lots against the Individual Defendants and the Nominal Defendant;

WHEREAS, on May 22, 2012, plaintiff LAMPERS filed a shareholder derivative action in this Court, *Louisiana Municipal Police Employees' Retirement System v. Berger, et al.*, Case No. 2:12-cv-00447-MHW-NMK (the "*LAMPERS* Action"), on behalf of Big Lots against the Individual Defendants and the Nominal Defendant;

WHEREAS, on June 5, 2012, the Court entered in the *LAMPERS* Action a Related Case Memorandum acknowledging the relation of the Related Actions and that the Related Actions should be transferred to the docket of United States District Judge Michael H. Watson;

WHEREAS, on June 28, 2012, the Court entered an Order (the "June 28 Order") consolidating the *Lamb* Action and the *LAMPERS* Action under the caption *In re Big Lots, Inc. Shareholder Litigation*, Case No. 2:12-cv-00445-MHW-NMK (the "Consolidated Action"),

appointing plaintiffs Lamb and LAMPERS as Co-Lead Plaintiffs, appointing Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel and appointing Isaac, Brant, Ledman & Teetor, LLP ("Isaac Brant") as Liaison Counsel;

WHEREAS, on July 2, 2012, plaintiff Atlanta Firefighters filed a shareholder derivative action in this Court, *City of Atlanta Firefighters' Pension Fund v. Berger, et al.*, Case No. 2:12-cv-00590-ALM-NMK (the "*Atlanta Firefighters* Action"), on behalf of Big Lots against the Individual Defendants and the Nominal Defendant;

WHEREAS, on July 9, 2012, in accordance with the June 28 Order, Plaintiffs filed notice in each of the constituent Related Actions indicating that the *Atlanta Firefighters* Action was deemed consolidated into the Consolidated Action (the "July 9 Notice");

WHEREAS, counsel for all Plaintiffs have agreed that, for the efficient prosecution of the Consolidated Action and in light of the subsequent filing of the *Atlanta Firefighters* Action, the Court's prior appointment pursuant to the June 28 Order of Co-Lead Plaintiffs, Lead Counsel and Liaison Counsel should be revised (Defendants take no position on such revision or the amendment of the Court's prior June 28 Order appointing Co-Lead Plaintiffs, Lead Counsel and Liaison Counsel);

NOW, THEREFORE, IT IS STIPULATED AND AGREED by the Parties though their respective counsel of record, subject to approval of the Court, as follows:

### Service

1. Counsel for Plaintiffs in the *Atlanta Firefighters* Action have served Michael Paskin of Cravath, Swaine & Moore LLP, counsel for the Individual Defendants and Nominal Defendant (collectively, the "Defendants"), with file-stamped copies of the complaint in that action. Service is deemed made on all Defendants in the *Atlanta Firefighters* Action effective July 6, 2012. By entering into this stipulation, Defendants do not intend to waive nor do they

waive any defenses, except with respect to insufficiency of process and insufficiency of service of process.  All other defenses are reserved.

## Consolidation

2.	Pursuant to Rule 42 of the Federal Rules of Civil Procedure and in accordance with the Court's June 28 Order and Plaintiffs' July 9 Notice, the *Atlanta Firefighters* Action is hereby consolidated for all purposes with the Consolidated Action.

3.	Plaintiffs will file a consolidated verified shareholder derivative complaint (the "Consolidated Complaint") no later than three (3) business days after the entry of this Order. Defendants need not respond to any other complaint in any of the Related Actions.

4.	Each and every action filed in, or transferred to, this Court that involves alleged questions of law or fact similar to those contained in the Consolidated Action shall constitute a case related to the Consolidated Action, be governed by the terms of this Order, and be consolidated for all purposes with the Consolidated Action.  Lead Counsel (as defined below) shall provide a copy of this Order to counsel in any future action filed in this Court that is related to the Related Actions.

5.	All papers previously filed and served to date in any of the cases consolidated herein are deemed to be and are hereby adopted as part of the record in the Consolidated Action.

## Schedule

6.	Defendants shall move or plead in response to the Consolidated Complaint no later than September 10, 2012.

7.	In the event Defendants choose to respond to the Consolidated Complaint by moving to dismiss the Consolidated Complaint, Co-Lead Plaintiffs (as defined below) shall file any opposition(s) to such motion(s) to dismiss no later than October 15, 2012.

8. Defendants shall file a reply or replies, if any, to Co-Lead Plaintiffs' opposition(s) to such motion(s) to dismiss no later than October 29, 2012.

### Amended Appointment of Co-Lead Plaintiffs, Lead and Liaison Counsel[1]

9. Plaintiffs LAMPERS and Atlanta Firefighters are appointed Co-Lead Plaintiffs in the Consolidated Action.

10. The law firms Kessler Topaz and Bernstein Litowitz Berger & Grossmann LLP are appointed Co-Lead Counsel in the Consolidated Action.

11. Co-Lead Counsel shall have authority to speak for plaintiffs in matters regarding pretrial and trial procedure and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

12. Co-Lead Counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court. No motion, request for discovery or other pretrial proceedings shall be initiated or filed by plaintiffs except through Co-Lead Counsel.

13. Co-Lead Counsel shall also be available and responsible for communications to and from this Court. Co-Lead Counsel shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

14. The law firm of Isaac Brant is appointed as Liaison Counsel in the Consolidated Action. Liaison Counsel shall have authority to receive orders, notices, correspondence, and telephone calls from the Court on behalf of all plaintiffs and shall be responsible for the

---

[1] Defendants take no position as to the appointment of Co-Lead Plaintiffs and Co-Lead Counsel and Liaison Counsel, or the amendment in that regard of the Court's June 28 Order.

preparation and transmission of copies of such orders, notices, correspondence, and memoranda of such telephone calls to plaintiffs' counsel.

15. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel or other duly authorized representatives of Co-Lead Plaintiffs and such agreements shall be binding on plaintiffs in each Related Action.

DATED: July 18, 2012

Respectfully submitted,

**ISAAC, BRANT, LEDMAN & TEETOR, LLP**

_/s/_ Mark Landes_____
Mark Landes (0027227)
Maribeth Deavers (0055903)
250 E. Broad Street
Suite 900
Columbus, OH 43215
Telephone: (614) 221-2121
Facsimile: (614) 365-9516
marklandes@isaacbrant.com
maribethdeavers@isaacbrant.com

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
J. Daniel Albert
Stefanie L. Anderson
280 King of Prussia Road
Radnor, PA 19087
Phone: (610) 667-7706
Fax: (610) 667-7056

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Mark Lebovitch
Amy Miller
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Plaintiffs*

DATED:   July 18, 2012                **VORYS, SATER, SEYMOUR AND PEASE LLP**


  /s/ William D. Kloss, Jr.____, Trial Attorney
William D. Kloss, Jr. (0040854)
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-6400
Fax: (614) 719-4807
wdklossjr@vorys.com

**CRAVATH, SWAINE & MOORE LLP**
Michael A. Paskin
Timothy G. Cameron
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
mpaskin@cravath.com
tcameron@cravath.com

*Counsel for the Individual Defendants and Nominal Defendant Big Lots, Inc.*


\*     \*     \*

## ORDER

PURSUANT TO THE AMENDED STIPULATION, IT IS SO ORDERED.

DATED: _____          _____
                                   UNITED STATES DISTRICT JUDGE