**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

IN RE BIG LOTS, INC. SHAREHOLDER LITIGATION

Case No. 2:12-cv-00445-MHW-NMK

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE VERIFIED CONSOLIDATED AMENDED SHAREHOLDER DERIVATIVE COMPLAINT**

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Matthew A. Goldstein
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Mark Lebovitch
David Wales
Christopher J. Orrico
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

**MOTLEY RICE LLC**
Marlon Kimpson
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9000
Fax: (843) 216-9450

*Co-counsel for Plaintiffs*

**ISAAC, WILES, BURKHOLDER & TEETOR, LLC**
Mark Landes
Maribeth Meluch
Two Miranova Place, Ste. 700
Columbus, OH 43215
Tele: (614) 221-2121
Fax: (614) 365-9516

*Trial Attorney for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION ........................................................................................................... 1

II.    ARGUMENT ................................................................................................................... 2

        A.     The Proposed Amended Complaint Is Not Futile, as it Presents a Legally
             Sufficient Claim for Breach of Fiduciary Duty ..................................................... 2

III.    CONCLUSION ............................................................................................................... 8

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Desert Equities Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*,
    624 A.2d 1199 (Del. 1993) ........................................................................... 4

*In re Cardinal Health Inc. Secs. Litig.*,
    426 F. Supp. 2d 688 (S.D. Ohio 2006) ...................................................... 5

*In re Harley-Davidson, Inc. Secs. Litig.*,
    660 F. Supp. 2d 953 (E.D. Wisc. 2009) ..................................................... 4

*In re Keithley Instruments, Inc., Derivative Litig.*,
    599 F. Supp. 2d 875 (N.D. Ohio 2008) ..................................................... 8

*In re Urban Outfitters, Inc. Secs. Litig.*,
    No. 13-cv-5978, 2015 WL 2069222 (E.D. Pa. May 4, 2015) .................. 6

*Konkol v. Diebold, Inc.*,
    590 F.3d 390 (6th Cir. 2009) ...................................................................... 7

*Newberry v. Silverman*,
    No. 14-3882, 2015 WL 3422781 (6th Cir. May 29, 2015) ...................... 4

*Ohio Police & Fire Pen. Fund v. Standard & Poor's Fin. Servs., LLC*,
    813 F. Supp. 2d 871 (S.D. Ohio 2011) ...................................................... 5

*Pfeiffer v. Toll*,
    989 A.2d 683 (Del. Ch. 2010) ................................................................. 6, 7

*Pugh v. Tribune Co.*,
    521 F.3d 686 (7th Cir. 2008) ...................................................................... 5

*Surface v. Conklin*,
    No. 15-cv-40, 2015 WL 2406075 (S.D. Ohio May 20, 2015) .............. 2, 4

*Zimmerman v. Braddock*,
    No. 18473-NC, 2005 WL 2266566 (Del. Ch. Sept. 8, 2005) *rev'd on other*
    *grounds by Braddock v. Zimmerman*, 906 A.2d 776 (Del. 2006) ........... 6

**Statutes & Rules**

Federal Rule of Civil Procedure 8(a) ....................................................... *passim*

Federal Rule of Civil Procedure Rule 9(b) ............................................. 4, 5, 7

## I.    <u>INTRODUCTION</u>

As this Court squarely held in its Opinion and Order (the "Opinion"), when fiduciaries waste corporate funds by allowing a corporation to repurchase its own stock at a time when they know the stock price is artificially inflated, as Plaintiffs[1] alleged in Count V of their initial complaint, under Ohio law, such a claim is pled as a standard claim for breach of fiduciary duty. [Dkt. 44, pp. 22-23].   In its Opinion, the Court directed Plaintiffs to include in an amended pleading the specific time of the stock repurchases during the first quarter of 2012 to ensure that such purchases occurred prior to April 23, 2012 when Big Lots' stock price was inflated, *i.e.*, before the truth was revealed to the market.  [*Id*., p. 24].    By doing so, Plaintiffs would then properly plead defendants' "failure to observe the duty" thus satisfying all three elements of a breach of fiduciary duty claim, having already satisfied two of the three.  *See* Opinion [*Id*., pp. 15-16] (holding that a claim for breach of fiduciary duty requires: (1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an injury resulting proximately therefrom).   Plaintiffs have followed the Court's mandate and have cured any perceived pleading deficiencies as the Proposed Amended Complaint sufficiently alleges that the Director Defendants wasted corporate funds and breached their fiduciary duties by allowing Big Lots to repurchase its own stock at a specific time during the first quarter 2012 when they knew that the price of Big Lots stock was artificially inflated.   *See* Exhibit A, ¶¶63-68, 77-81. Defendants' agree that "Plaintiffs have responded to the specific pleading deficiency" identified

---

[1] Unless otherwise indicated, all capitalized terms used herein shall have the meanings set forth in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Leave to File Verified Consolidated Amended Shareholder Derivative Complaint (the "Motion") [Dkt. 48].

by the Court and "have corrected the pleading deficiency regarding the timing of the stock repurchases." Defs. Memo at 2.[2]

Despite their clear concession, defendants nonetheless argue that Plaintiffs' Proposed Amended Complaint is futile. Defendants' arguments are baseless as they mainly rest on the faulty premise that Plaintiffs' breach of fiduciary claim is subject to a heightened pleading standard, well beyond Federal Rule of Civil Procedure 8(a)'s ("Rule 8(a)") liberal notice pleading requirement in which all that must be pled is "a short and plain statement of the claim showing that the pleader is entitled to relief." *Surface v. Conklin*, No. 15-cv-40, 2015 WL 2406075, at *1 (S.D. Ohio May 20, 2015) (internal quotations omitted). Plaintiffs' allegations give defendants "fair notice" of Plaintiffs' claims and the grounds upon which they rest – all that is necessary for this Court to grant the Motion and allow the action proceed to the discovery stage. Tellingly, defendants' opposition ignores the allegations in the Proposed Amended Complaint that just days after the Company announced positive guidance for fiscal 2012, sixteen of Big Lots' officers and directors, including certain of the Director Defendants, sold large amounts of their Big Lots' stockholdings, demonstrating that the Director Defendants' knew Big Lots' stock was artificially inflated at the time of the stock repurchases. Accordingly, the Court should grant Plaintiffs' Motion.

## II.   ARGUMENT

### A.   The Proposed Amended Complaint Is Not Futile, as it Presents a Legally Sufficient Claim for Breach of Fiduciary Duty

As this Court recognized in the Opinion, Plaintiffs are not required to prove a "quintessential" waste claim under Delaware law because under Ohio law corporate waste is not

---

[2] Citations to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to File Verified Consolidated Amended Shareholder Derivative Complaint [Dkt. 53] will be referenced as "Defs. Memo at __."

a separate cause of action independent of a breach of fiduciary duty.   [Dkt. 44, pp. 22-23]. Rather, as applied to the case *sub judice*, such a claim is really "a claim for breach of fiduciary dut[y] under the alternative theory that by allowing the stock repurchases to occur, the [D]irector Defendants wasted corporate funds." [*Id*., p. 23].   In dismissing Plaintiffs' corporate waste claim, the Court identified a deficiency in Plaintiffs' Consolidated Complaint concerning the timing of Big Lots' stock repurchases. [*Id*., pp. 23-24]. Specifically, the Court noted that "the Consolidated Complaint, while alleging that stock repurchases in the amount of $99 million occurred during the first quarter of 2012, does not contain any allegations as to the specific time during that quarter when the repurchases were made." [*Id*., p. 23].  This "lack of specific information in the Consolidated Complaint concerning the timing of Big Lots' repurchases prevent[ed] this Court from concluding that a legally sufficient claim for corporate waste has been pled by the Plaintiffs." [*Id*., p. 24].

The Proposed Amended Complaint corrects the deficiency identified by the Court by adding well-pled allegations concerning the timing of Big Lots' repurchases of its shares. *See* Exhibit A, ¶¶63-68.  Specifically, the Proposed Amended Complaint provides further detail on the repurchases and the average repurchase prices, and based on these facts, alleges that the Company purchased shares of Big Lots common stock between February 2, 2012 and April 23, 2012, the period when defendants knew the price of Big Lots stock was artificially inflated and, indeed, many of the defendants took advantage of the artificial inflation by selling their own shares of Big Lots stock. *Id*.   These new allegations render the Proposed Amended Complaint legally sufficient and leave to amend should be granted.  Indeed, defendants have conceded that the Proposed Amended Complaint is not futile because Plaintiffs have corrected the deficiency identified by the Court. *See* Defs. Memo at 2 ("Plaintiffs have responded to the specific pleading

-3-

deficiency highlighted by the Court in its Opinion and Order…"); *id*. ("Now that Plaintiffs have corrected the pleading deficiency regarding the timing of the stock repurchases…").  Despite these concessions, defendants argue that the Proposed Amended Complaint is futile.  Defendants' arguments are legally and factually baseless and provide no grounds on which to deny Plaintiffs' Motion.

For example, defendants assert that Plaintiffs' breach of fiduciary duty claim is subject to the heightened pleading standards of Federal Rule of Civil Procedure Rule 9(b) ("Rule 9(b)").  *See* Defs Memo at 4.  Defendants cite absolutely no authority for their one-sentence "argument" that Rule 9(b) applies to Plaintiffs' state law breach of fiduciary duty claim.  *Id*.  While it is true that claims of fraud are governed by the heightened pleading standards of Rule 9(b), *see Newberry v. Silverman*, No. 14-3882, 2015 WL 3422781, at *7 (6th Cir. May 29, 2015), defendants provide no plausible explanation why the Proposed Amended Complaint, or any claims averred therein, sound in fraud.  Defendants' contention that "[b]ecause [Plaintiffs] allege false and misleading statements…Plaintiffs are required to state with particularity the circumstances constituting fraud," Defs. Memo at 4 (internal quotations omitted), is unsupported by any citation to the Proposed Amended Complaint and is patently false.  Rule 9(b) does not apply, and the Proposed Amended Complaint clearly satisfies the Rule 8(a) pleading standard which "requires that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief."  *Surface*, 2015 WL 2406075, at *1 (internal quotations omitted).  Furthermore, it is well-established that Rule 9(b) does not apply to breach of fiduciary duty claims.  *See Desert Equities Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1208 (Del. 1993) ("The underlying rationale requiring a claim of fraud to be pleaded with particularity does not apply to an allegation of bad faith."); *In re Harley-Davidson, Inc. Secs.*

-4-

*Litig.*, 660 F. Supp. 2d 953, 963 (E.D. Wisc. 2009) ("Though the facts underlying this action are identical in many respects to those underlying the related consolidated securities action, allegations of breach of fiduciary duties and ERISA violations are generally subject to the more lenient pleading standards under Federal Rule of Civil Procedure 8.") (citation omitted); *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) ("In this case, the plaintiffs do not allege fraud, only breaches of fiduciary duties and ERISA violations.  As such, we apply the more lenient pleading standard of Federal Rule of Civil Procedure 8(a)(2)").[3]

Relying on Rule 9(b), defendants next contend that "Plaintiffs offer no particularized allegations of fact to explain why any of the statements cited in the Proposed Amended Complaint were false or misleading."  Defs. Memo at 4.  Plaintiffs have not asserted a claim under federal securities laws but rather a state law breach of fiduciary duty claim and therefore, are not required to allege "the reasons the statements were false."  *In re Cardinal Health Inc. Secs. Litig.*, 426 F. Supp. 2d 688, 742 (S.D. Ohio 2006).  Rather, Plaintiffs are only required to meet the pleading standards of Rule 8(a), which the Proposed Amended Complaint amply satisfies.  *See generally* Exhibit A.  Nevertheless, the Proposed Amended Complaint sufficiently alleges why certain statements were false and misleading.  *See* Exhibit A, ¶¶23-31, 53-62.

Defendants also argue that "Plaintiffs fail to allege adequately that the Director Defendants knew that Big Lots' stock price was wrongfully inflated."  Defs. Memo at 6.  Specifically, defendant argue that the "Proposed Amended Complaint…fails to allege facts from which the Director Defendants' knowledge can be inferred."  *Id*.  Defendants are wrong.  By

---

[3] Defendants rely exclusively on *Ohio Police & Fire Pen. Fund v. Standard & Poor's Fin. Servs., LLC*, 813 F. Supp. 2d 871, 878-79 (S.D. Ohio 2011) to argue that Rule 9(b) applies.  *See* Defs. Memo at 4.  However, the court in *Ohio Police & Fire* was applying a heightened pleading standard under Rule 9(b) due to the fact that plaintiff asserted claims under the Ohio Securities Act.  *Id*.  As stated above, Plaintiffs have asserted a breach of fiduciary duty claim, rendering Rule 9(b) inapplicable.

virtue of their positions as Board members, the Director Defendants had access to and received sales reports and other internal documents about the Company's financial condition and future prospects.  This is sufficient to establish that the Director Defendants had knowledge that Big Lots would not meet its projections and the stock was artificially inflated when they caused the Company to repurchase its shares and certain offices and directors engaged in insider selling. *See Zimmerman v. Braddock*, No. 18473-NC, 2005 WL 2266566, at *8 & n.81 (Del. Ch. Sept. 8, 2005*) rev'd on other grounds by Braddock v. Zimmerman*, 906 A.2d 776 (Del. 2006). Importantly, knowledge can be averred generally concerning the Directors Defendants' possession of non-public information and "a complaint need only plead a reasonable basis from which knowledge can be inferred," *Pfeiffer v. Toll*, 989 A.2d 683, 692 (Del. Ch. 2010), which Plaintiffs have done.  *See* Exhibit A, ¶¶23-31, 53-62.   This proposition is especially true when, as here, the information at issue concerns Big Lots' core operations and the basis for financial projections. *Pfeiffer*, 989 A.2d at 693.  Moreover, the Proposed Amended Complaint alleges that just four days after the Company announced positive guidance for fiscal 2012, sixteen of Big Lots' officers and directors, including certain of the Director Defendants, began selling hundreds of thousands of shares of their Big Lots stockholdings which represented, in some cases, large percentages of their total stock holdings in the Company.  *See* Exhibit A, ¶¶3, 32-52.   The suspicious timing and nature of the stock sales raises a strong inference that the Director Defendants knew that Big Lots' stock was artificially inflated at the time of the stock repurchases. *See In re Urban Outfitters, Inc. Secs. Litig.*, No. 13-cv-5978, 2015 WL 2069222, at *13 (E.D. Pa. May 4, 2015) ("insider sales can support an inference of scienter").  Indeed, this Court has already held that Plaintiffs' "detailed allegations of questionable stock sales by seven of Big Lots' nine Board members immediately before public disclosure of the Company's

financial performance caused a significant decrease in the market value of Big Lots' shares" was sufficient to establish demand futility – a standard much higher than Rule 8(a).  [Dkt. 44, p. 13]. Thus, Plaintiffs have certainly satisfied the much lower bar in accordance with Rule 8(a) as the Proposed Amended Complaint alleges that the Director Defendants knew the price of Big Lots stock was artificially inflated at the time they caused the Company to repurchase its shares, thereby rendering defendants' arguments without merit.  *See* Exhibit A, ¶¶4, 32, 49, 56-57, 68, 79-80.[4]

In a last ditch effort, defendants argue that the stock repurchases "do not rise to the level of corporate waste" under Delaware law.  Defs. Memo at 8-9.  Defendants' reliance on the requirements to state a claim for corporate waste under Delaware law is misplaced because this Court specifically stated (and defendants explicitly recognized) that under Ohio law, a claim for corporate waste is really a claim for breach of fiduciary duty.  [Dkt. 44  pp. 22-23].  Specifically, the Court stated:

> As the Defendants note, under Ohio law, corporate waste…[is a way] in which fiduciary duty can be breached, not separate causes of action independent of a fiduciary breach….As such, the Court will consider Count V to be a claim for breach of fiduciary duties under the alternative theory that by allowing the stock repurchases to occur, the [D]irector Defendants wasted corporate funds.

---

[4] Defendants rely on *Konkol v. Diebold, Inc.*, 590 F.3d 390, 397-98 (6th Cir. 2009) to argue that Plaintiffs' allegations concerning defendants' knowledge of inside information are insufficient. *See* Defs. Memo at 7.  However, the court in *Konkol* was applying a heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure due to the fact that it was a securities class action.  *Id.* at 396.  This standard does not apply to notice pleading for failure to state a claim for breach of fiduciary duty and such standard was explicitly rejected by the *Pfeiffer* court in assessing a breach of fiduciary duty claim in connection with insider selling, stating: "The Complaint is not subject to any heightened pleading standard.  The Outside Director Defendants contend that '[b]ecause an insider trading claim is a species of fraud, the heightened pleading requirements of Chancery Court 9(b) apply.'  Def. Op. Br. at 23. The defendants cite no authority for this proposition, and I reject it. The insider trading claim is not a fraud claim, but rather a breach of fiduciary duty claim.  Rule 9(b) does not apply." *Pfeiffer*, 989 A.2d at 691-92.

*Id.* (internal quotations and citation omitted). *See also In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 875, 903 (N.D. Ohio 2008) (holding same). As stated above, the Proposed Amended Complaint presents a legally sufficient claim for breach of fiduciary duty under Rule 8(a). Accordingly, Plaintiffs' Proposed Amended Complaint is in no way futile, and therefore the Court should grant the Motion.

## III.    CONCLUSION

For the reasons set forth herein and in Plaintiffs' opening memorandum, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for leave to file the Proposed Amended Complaint.

Respectfully submitted,

Dated: June 15, 2015

**ISAAC, WILES, BURKHOLDER & TEETOR, LLC**

By:  /s/ Mark Landes
    Mark Landes (0027227)
    Maribeth Meluch (0055903)
    Two Miranova Place, Ste. 700
    Columbus, OH 43215
    Tele: (614) 221-2121
    Fax: (614) 365-9516

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Matthew A. Goldstein
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Trial Attorney for Plaintiffs*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Mark Lebovitch
David Wales
Christopher J. Orrico
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

-8-

**MOTLEY RICE LLC**
Marlon Kimpson
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9000
Fax: (843) 216-9450

*Co-counsel for Plaintiffs*