# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE BIG LOTS, INC. SHAREHOLDER LITIGATION | Case No. 2:12-cv-00445-MHW-NMK |

## PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION AND, IN THE ALTERNATIVE, FOR CERTIFICATION OF QUESTION OF STATE LAW TO THE SUPREME COURT OF OHIO

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Matthew A. Goldstein
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Mark Lebovitch
David Wales
Christopher J. Orrico
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

**MOTLEY RICE LLC**
Marlon Kimpson
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9000
Fax: (843) 216-9450

*Co-counsel for Plaintiffs*

**ISAAC, WILES, BURKHOLDER & TEETOR, LLC**
Mark Landes
Maribeth Meluch
Two Miranova Place Ste 700
Columbus, OH 43215
Tele: (614) 221-2121
Fax: (614) 365-9516

*Trial Attorney for Plaintiffs*

## **PRELIMINARY STATEMENT**

The focus of Plaintiffs' Motion for Reconsideration and, in the Alternative, for Certification of Question of State Law to the Supreme Court of Ohio (the "Motion") is simple. In dismissing Counts I-IV of the Complaint,[1] the Court failed to follow established Ohio precedent which instructs courts to consider Delaware case law when deciding an unsettled issue of corporate law. The Court's failure to adhere to precedent resulted in the Court dismissing the derivative claims for breach of fiduciary duty for insider trading in clear error and predicting that Ohio courts would not recognize such a claim. Thus, reconsideration is necessary to correct the clear error and, in the alternative, certification is proper so that the Ohio Supreme Court can appropriately settle the important question of state law.[2]

Defendants do not dispute that: (i) Delaware law provides for a derivative action for insider trading absent independent harm to the company[3]; and (ii) the Court ignored Ohio precedent when it failed to consider Delaware law on an unsettled corporate issue. *See generally* Defs. Memo.[4] Rather Defendants attempt to complicate the Court's review of the Motion by arguing that the Court did not rule on the issue of whether Ohio recognizes a breach of fiduciary duty claim for

---

[1] Unless otherwise indicated, all capitalized terms used herein shall have the meanings set forth in Plaintiffs' Motion [Dkt. 47].

[2] Plaintiffs request certification of the following question to the Ohio Supreme Court: does Ohio recognize a derivative action for breach of fiduciary duty where a corporate fiduciary uses confidential information obtained as a result of the fiduciary relationship for the purpose of trading in the corporation's securities? Motion at 2, 5.

[3] *See Kahn v. Kolberg Kravis Roberts & Co.*, 23 A.3d 831, 842 (Del. 2011) (holding that that the element of harm to the corporation is not necessary for a derivative claim for breach of fiduciary duty for insider trading).

[4] Citations to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration and, in the Alternative, for Certification of Question of State Law to the Supreme Court of Ohio (the "Opposition") [Dkt. 52] will be referenced as "Defs. Memo at __."

insider trading. However, the Court clearly predicted that Ohio courts would require a plaintiff to show injury to a corporation to establish derivative claims for breach of fiduciary duty for insider trading. In conjuring its prediction of how an Ohio court would rule, the Court opined that damage to a corporation from insider trading is "theoretical." Thus, contrary to Defendants' argument, the Court held that Ohio would not recognize a derivative claim for breach of fiduciary duty for insider trading because of the absence of harm to the company.

Accordingly, the Opposition should be rejected and reconsideration of the Order is necessary to correct the clear error. In the alternative, the Court should certify Plaintiffs' question of state law to the Ohio Supreme Court.

**A.      Reconsideration Is Necessary**

Ohio law is unsettled on whether Ohio recognizes a derivative cause of action for breach of fiduciary duty where a corporate fiduciary uses confidential information obtained as a result of the fiduciary relationship for the purpose of trading the corporation's securities. Order at 15. The Court predicted that Ohio courts would require Plaintiffs' to establish injury to the corporation for their derivative insider trading claims. *Id.* at 16. The Court elaborated that such an injury is purely "theoretical." *See id.* ("while a corporation could ***in theory*** be damaged by the disclosure of confidential corporate information, ***insider trading only involves the exploitation of such information, not its direct disclosure to third parties***") (emphasis added). Thus, contrary to Defendants' assertion, the Court held that Ohio courts would not recognize a derivative claim for breach of fiduciary duty for insider trading based on the absence of injury to the corporation.

The Court committed clear error when arriving at the conclusion to dismiss the derivative insider trading claims because it failed to follow Ohio precedent. Specifically, it is well-settled under Ohio law that courts should look to Delaware case law for guidance when there is no applicable Ohio precedent for deciding corporate issues. *See* Motion at 1, 3 (citing *In re Keithley*

2

*Instruments, Inc.*, 599 F. Supp. 2d 908, 918 n.6 (N.D. Ohio 2009); *Robinson Family Trust v. Greig*, Case No. 5:12 CV 1713, 2013 U.S. Dist. LEXIS 66995, at *6-7 n.1 (N.D. Ohio May 10, 2013); *Drage v. Procter & Gamble*, 694 N.E.2d 479, 482-483 (Ohio Ct. App. 1997); *Franks v. Rankin*, Nos. 11AP-934, 11AP-962, 2012 WL 1531031, at *11 (Ohio Ct. App. May 1, 2012)).[5] However, the Court did not look to Delaware case law for guidance on the unsettled corporate issue of whether Ohio courts would recognize a derivative claim for insider trading. Instead the Court contravened clear Ohio precedent and considered the Seventh Circuit decision, *Freeman v. Decio*, 584 F.2d 186 (7th Cir. 1978) ("*Freeman*"), and a number of irrelevant Ohio cases that do not address the pleading standard for a derivative insider trading claim.[6] Thus, reconsideration is necessary because the Court arrived at its conclusion in clear error by failing to follow Ohio precedent and failing to look to Delaware case law for guidance on an unsettled corporate issue.

Defendants attempt to obfuscate the need for reconsideration and argue that Plaintiffs misconstrue *Freeman*. However, the mere fact that the Court considered *Freeman* – rather than look to Delaware case law – is the clear error. In any event, a further analysis of *Freeman* demonstrates that the Seventh Circuit's opinion is at odds with Ohio precedent. In *Freeman*, the Seventh Circuit refused to apply Delaware precedent and then analyzed whether Indiana would follow a New York case, *Diamond v. Oreamunu*, 248 N.E.2d 910 (1969), to recognize a derivative

---

[5] *See also, In re the Goodyear Tire & Rubber Co. Derivative Litig..*, Nos. 5:03CV2180, 5:03CV2204, 5:03CV2374, 5:03CV2468, 5:03CV2469, 2007 U.S. Dist. LEXIS 1233 (N.D. Ohio Jan. 5, 2007) (looking to Delaware case law for guidance on a corporate issue rather than Seventh Circuit or Indiana case law).

[6] *See Hubbard Family Trust v. TNT Land Holdings, LLC*, 9 N.E.3d 411 (Ohio Ct. App. 2014) (addressing breach of fiduciary duty claim involving buyer and seller of house); *Newcomer v. Nat'l City Bank*, 19 N.E.3d 492 (Ohio Ct. App. 2014) (addressing breach of fiduciary duty claim involving trustee and trust beneficiaries); *Brown v. Ferro Corp.*, 763 F.2d 798 (6th Cir. 1985) (addressing whether directors breached fiduciary duty by adopting a severance agreement program that served the pecuniary interest of the directors and to preserve directors' control of corporation).

3

claim for insider trading. *See Freeman*, 584 F.2d at 194-96. The Seventh Circuit's analysis of an unsettled corporate issue contravenes Ohio precedent because the Seventh Circuit did not look to Delaware case law for guidance. Accordingly, any consideration of *Freeman* is clear error and reconsideration is necessary so the Court can appropriately consider Delaware law for guidance on how to assess Plaintiffs' derivative insider trading claims.[7]

Moreover, Defendants' contention that Plaintiffs fail to demonstrate that reconsideration is warranted to prevent "manifest injustice" is wrong. As discussed *supra*, the Court did in fact rule that Ohio does not support a derivative claim for insider trading by holding a plaintiff must establish an injury to the company for such a claim. Order at 16-17. Thus, the Order creates the "unfortunate result that fiduciaries w[ill] not be held accountable for profiting from their abuse of access to corporate information." Motion at 1. Reconsideration is necessary to prevent this obviously unfair result and manifest injustice.

**B.    Certification of the Question of State Law Is Warranted**

Defendants do not dispute that there is no controlling Ohio precedent on the issue of whether Ohio recognizes a derivative action for breach of fiduciary duty where a corporate fiduciary uses confidential information obtained as a result of the fiduciary relationship for the purpose of trading in the corporation's securities. Indeed, Defendants concede and fail to address that: (1) there exists conflicting federal interpretations concerning Plaintiffs' question for

---

[7] Defendants' citations to *In re Cray, Inc. Derivative Litigation* ("*Cray*") and *Daisy Systems Corp. v. Finegold* ("*Daisy*") offer no support. The *Cray* court refused to look to Delaware case law for guidance, 431 F. Supp. 2d 1114, 1132 (W.D. Wash. 2006), and the *Daisy* court advised that California's securities policies and legislature intended two provisions of the California code to be the *exclusive basis* for an insider trading remedy under California law. No. C 86-20719 (SW), 1988 WL 166235, at *5 (N.D. Cal. Sept. 19, 1988). *Schein v. Chasen* is inapplicable because the claim involved tippee trading rather than insider trading. 313 So.2d 739 (Fla. 1975). Indeed, *Chasen* supports Plaintiffs' Motion because the court certified the question of whether Florida recognizes whether an investor, who profited from tippee trading, is liable in a derivative lawsuit. *Id.*

4

certification; (2) the arguments on each side are substantial; and (3) the question will likely recur in federal litigation without an opportunity for the Ohio state courts to decide it. *Geib v. Amoco Oil Co.*, 29 F.3d 1050, 1060 (6th Cir. 1994). Thus, granting of certification is particularly appropriate in the instant action because Plaintiffs' question of law meets all of the Sixth Circuit's certification factors.

Instead of addressing the relevant factors, Defendants oppose certification by arguing that the Court: (1) did not decide an unsettled issue of Ohio law; (2) followed a "reasonably clear and principled course" in arriving at its decision; and (3) that Plaintiffs timing of the Motion is inappropriate. Defs. Memo at 5-6. Defendants' arguments again mischaracterize the Order and Plaintiffs' Motion. As such, the Opposition should be rejected.

First, Defendants argue that the Court did not address the question of whether Ohio recognizes derivative claims for "a breach of fiduciary duty for alleged insider trading." Defs. Memo at 5.[8] However, the Court expressly held that Ohio courts would not recognize Plaintiffs' claim, predicting that Ohio courts would require a plaintiff to establish injury to the corporation and that such injury is "theoretical." *See* Order at 16. ("while a corporation *in theory* be damaged by the disclosure of confidential corporate information, *insider trading only involves the exploitation of such information, not its direct disclosure to third parties*") (emphasis added). As such, the Court held that Ohio courts would not recognize a derivative claim for breach of fiduciary duty for insider trading due to the absence of injury to the company.

---

[8] For clarity and accuracy, Plaintiffs' specifically seek certification of the state law issue of: does Ohio recognizes a derivative action for breach of fiduciary duty where a corporate fiduciary uses confidential information obtained as a result of the fiduciary relationship for the purpose of trading in the corporation's securities? Motion at 2, 5.

5

Second, as discussed in the Order, Ohio law is unsettled on whether Ohio recognizes a derivative claim for breach of fiduciary duty for insider trading. Order at 15. Thus, there is no "reasonably clear and principled course" for the Court to follow – other than the Delaware case law Ohio precedent guides to consider - in deciding whether Ohio would recognize Plaintiffs' derivative claims for insider trading. Additionally, Defendants' reliance on *Fausett v. American Resources Management Corp.* is unpersuasive as the court in *Fausett* dismissed plaintiffs' breach of fiduciary duty claims based on the "reasonably clear and principled course" that the wrongdoer must owe a duty to be liable for a claim for breach of fiduciary duty. 542 F. Supp. 1234, 1240-41 (D. Utah 1982). Specifically, the court in *Fausett* held that the alleged wrongdoer owed no duty to the accuser because the wrongdoer was not an officer of the company at the time of the alleged wrongdoing. *Id.* In comparison, the law is muddled concerning whether Ohio recognizes a derivative claim for breach of fiduciary duty for insider trading.

Third, Plaintiffs' timing of the Motion is appropriate because it promotes judicial efficiency. Count V of the Complaint is not subject to Plaintiffs' question for certification and consequently, moving for certification prior to the Order would subject the parties and the Court to the risk of inefficient, piecemeal litigation. *See Swanson v. DeSantis*, 606 F.3d 829, 833 (6th Cir. 2010) (claim-by-claim litigation does not justify piecemeal litigation and undermines streamlined court proceedings); *Apseloff v. Family Dollar Stores, Inc.*, 236 F. App'x 185, 189 (6th Cir. 2007) ("preventing piecemeal litigation promot[es] judicial efficiency").[9] To be sure,

---

[9] The Defendants' assertion that the Sixth Circuit holds that the appropriate time to seek certification is "before, not after, the district court has resolved the issue" is sleight of hand. *State Auto Prop. & Cas. Ins. Co. v. Hargis*, No. 13-5020, 2015 WL 2081922, at **3 (6th Cir. May 6, 2015). Defendants' supporting authority involve cases on appeal seeking certification of a question of state law *after* discovery and the district courts ruled on summary judgment. *See id,* at **1-2; *City of Columbus, Ohio v. Hotels.com, L.P.*, 693 F.3d 642, 654 (6th Cir. 2012).

6

certification of Plaintiffs' question of state law promotes efficiency not only in the instant matter, but for the federal and Ohio judiciaries.  Certification will permit the Ohio Supreme Court to settle this important question of state law before another derivative claim for breach of fiduciary duty for insider trading recurs in federal litigation.  Accordingly, Plaintiffs' Motion is hardly "frivolous" and should be granted.

### C. The Rehashing of the Motion to Dismiss Should Be Ignored

In a last ditch effort, Defendants' contend that the Motion should be denied because the Complaint "lacks sufficiently particularized allegations that Defendants knew Big Lots' stock price was wrongfully inflated due to false and misleading public statements."  Defs. Memo at 7.  Defendants' attempt to re-litigate the Motion to Dismiss is inappropriate and does not bear on the Motion.  Indeed, the Court already assessed these issues and Defendants provide no authority to support their request to re-litigate the Motion to Dismiss.  The argument should be rejected.

Nevertheless, should the Court decide to entertain Defendants' attempt to rehash the Motion to Dismiss, Plaintiffs respectfully direct the Court to the Opposition to the Motion to Dismiss [Dkt. No. 34].  Specifically, the Complaint adequately alleges facts which "show that: '1) the corporate fiduciary possessed material, nonpublic company information; and 2) the corporate fiduciary used that information improperly by making trades because she was motivated, in whole or in part, by the substance of the that information.'" *Kahn,* 23 A.3d at 838 (quoting *In re Oracle Corp. Derivative Litig.*, 867 A.2d 904 (Del. Ch. 2004), *aff'd*, 872 A.2d 960 (Del. 2005); *see* also Dkt. No. 34 at 19-24.  Accordingly, the Motion is far from futile and should be granted.

---

Accordingly, both cases involve issues truly resolved in mature litigations.  Conversely, Plaintiffs are seeking certification during the pleading stage to promote judicial efficiency.

## CONCLUSION

For the reasons set forth herein and in Plaintiffs' opening memorandum, Plaintiffs respectfully request that the Court reconsider its April 14, 2015 Order regarding Defendants' Motion to Dismiss the Consolidated Verified Shareholder Derivative Complaint and, in the alternative, certify the aforementioned question of State law to the Ohio Supreme Court.

Respectfully submitted,

Dated: June 15, 2015

**ISAAC, WILES, BURKHOLDER & TEETOR, LLC**

By: /s/ Mark Landes
Mark Landes (0027227)
Maribeth Meluch (0055903)
Two Miranova Place Ste 700
Columbus, OH 43215
Tele: (614) 221-2121
Fax: (614) 365-9516

*Trial Attorney for Plaintiffs*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Matthew A. Goldstein
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Mark Lebovitch
David Wales
Christopher J. Orrico
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

**MOTLEY RICE LLC**
Marlon Kimpson
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9000
Fax: (843) 216-9450

*Co-counsel for Plaintiffs*

9